IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| FLORENCE TAYLOR, | CIVIL DIVISION |
| Plaintiff, | G.D. No. 22-011910 |
| v. | |
| ALLEGHENY COUNTY and ORLANDO HARPER, in his individual and official capacity, | **COMPLAINT IN CIVIL ACTION** |
| Defendants. | Filed on Behalf of Plaintiff, FLORENCE TAYLOR |

Counsel of Record for this Party:

Margaret S. Coleman, Esquire
Pa. ID No. 200975

O'BRIEN COLEMAN & WRIGHT LLC
116 Boulevard of the Allies
Pittsburgh, PA 15222
(412) 232-4400
(412) 232-3730 (fax)
msc@obrienlawpgh.com

**JURY TRIAL DEMANDED**

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE TAYLOR, | C.A. No. 22-011910 |
| Plaintiff, | |
| v. | Jury Trial Demanded |
| ALLEGHENY COUNTY JAIL, | |
| Defendants. | |

**COMPLAINT IN CIVIL ACTION**

AND NOW COMES Plaintiff Florence Taylor, by and through her attorney, MARGARET S. COLEMAN of O'BRIEN COLEMAN & WRIGHT and submits the following Complaint in Civil Action, and in support thereof avers as follows:

I)      INTRODUCTION

1.      This Complaint alleges that Defendant Allegheny County violated Plaintiff Florence Taylor's statutory and constitutional right to be free from discrimination based on race and retaliation for opposing race discrimination in the workplace.

II)     JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 USC §§ 451, 1331, 1343 and 1345, and upon the doctrine of pendant and/or supplemental jurisdiction over any state law claims.

3.      All of the violations of Plaintiff's rights alleged herein occurred within the Western District of Pennsylvania. Venue is, therefore, properly in the Western District of Pennsylvania under 28 USC section 1291(B).

III) <u>PARTIES</u>

4. Plaintiff Florence Taylor is an adult individual who resides in Allegheny County Pennsylvania.

5. The Defendant, Allegheny County Jail ("ACJ" or "Jail") is a sub-unit of Allegheny County. Allegheny County is a county located in the Commonwealth of Pennsylvania.

6. At all times relevant hereto, the Defendant Allegheny County Jail was an "employer" as that term has been defined in the applicable statutes and acted by and through its duly authorized agents, assignees and/or employees, who were acting within the course and scope of their employment.

IV) <u>FACTS</u>

a. *Florence Taylor's history protected activity*

7. Plaintiff Florence Taylor began her employment with the Allegheny County Jail in 1997.

8. In 2007, Ms. Taylor filed a Complaint of Discrimination with the Equal Employment Opportunity Commission alleging that Defendant refused to promote her to the position of Sergeant because of her race (African American and Native American).

9. In or about April of 2008, Defendant promoted Ms. Taylor to the position of Sergeant pursuant to a Negotiated Settlement Agreement with the EEOC. Soon after, in February of 2009, Defendant demoted her back to the rank of Correction Officer.

10. In or about July of 2009, Ms. Taylor filed a second Charge of Discrimination with the Equal Employment Opportunity Commission alleging that Defendant discriminated and

retaliated against her in violation of Title VII of the Civil Rights Act of 1964 by demoting her because of her race and because of her previous Charge of Discrimination. Ms. Taylor's complaint included specific allegations of racial harassment by Captain Robyn McCall.

11. On July 13, 2010, the Pittsburgh Area Director of the Equal Employment Opportunity Commission determined that reasonable cause existed to believe that Defendant Violated Title VII by demoting her in retaliation for her previous Charges of Discrimination. Specifically, the Director found that Defendant had "set [Ms. Taylor] up to fail" by assigning her to work the Employee Entrance, a difficult and undesirable position at which she struggled.

12. On June 8, 2011, after failed conciliation attempts, Ms. Taylor filed a Civil Complaint in the Western District of Pennsylvania alleging discrimination and retaliation in violation of the United States Constitution, Title VII and the Pennsylvania Human Relations Act.

13. On December 20th, 2012, Defendant and Ms. Taylor entered into a settlement agreement by which Ms. Taylor agreed to release her claims against Defendant in exchange for $30,000, reinstatement to the rank of sergeant and restoration of her seniority status.

14. The agreement further provided that Plaintiff "shall not be required to work under the direct supervision of Captain Robyn McCall for the remainder of her employment by Defendant" and that "all disputes concerning employment, including discipline, which may arise between Florence Taylor and Robyn McCall will be returned to Major Ronald Pofi for neutral evaluation and disposition."

15. Following Ms. Taylor's reinstatement to sergeant, Defendant violated the terms of the 2012 agreement. In addition, Defendant's discriminatory and retaliatory treatment not only continued, but escalated. These actions are described more fully herein.

Exhibit A

16. On August 23, 2013, Ms. Taylor filed a third Charge of Discrimination with the EEOC alleging discrimination and retaliation.

17. On July 18, 2015, Ms. Taylor involuntarily retired from her position at the Allegheny County Jail due to Defendant's discriminatory and retaliatory actions.

18. On September 20, 2019, the Area Director of the EEOC found reasonable cause to believe that Defendant subjected Ms. Taylor to retaliation because of her previous complaints about race discrimination.

19. Following a failed conciliation, on October 30, 2019, the EEOC forwarded Ms. Taylor's charge to the United States Department of Justice (DOJ) for review.

20. Under Title VII, Plaintiff could not move forward on her case until the DOJ reviewed the case, determined whether it would file suit, and issued a Notice of Right to Sue letter.

21. On June 24, 2022, more than two and a half years after the EEOC made its cause determination, nine years after Ms. Taylor filed the charge on which this action is based and fifteen years after Ms. Taylor filed her first complaint with the EEOC, the DOJ determined that it would not file suit on Ms. Taylor's claims and issued a Notice of Right to Sue letter.

b. *Allegheny County's discriminatory and retaliatory conduct toward Ms. Taylor*

22. Defendant engaged in the following conduct between Ms Taylor's reinstatement to the position of sergeant in December 2012 and her forced retirement in July of 2015. The following actions are examples of Defendant's behavior. This Complaint cannot and does not include an exhaustive recounting of the mistreatment Ms. Taylor suffered at the hand of her supervisors, coworkers and subordinates.

23. Following her reinstatement, Defendant assigned Ms. Taylor to the Employee Entrance, the undesirable position which she had previously struggled to perform. Defendant then disciplined her up for alleged performance deficiencies.

24. Ms. Taylor acknowledged making some mistakes at the employee entrance. However, similar mistakes were routinely ignored when made by other officers.

25. Ms. Taylor denied having made some of the mistakes and informed Defendant that she had been "set up" by other officers. These claims could easily have been verified by review of ACJ security footage, but Defendant refused to do so.

26. Defendant refused to move Ms. Taylor from the Employee Entrance even though she had the seniority to bid into other positions. Instead, the more desirable posts were given to less senior white employees.

27. Defendant refused to honor Ms. Taylor's seniority with regard to her shifts, assigning her to the 3-11 shift instead of her preferred 7-3 shift. Less senior white officers were assigned to her preferred shift.

28. Defendant failed to honor its December 2012 agreement with Ms. Taylor by allowing McCall to directly supervise her and to initiate discipline against her based-on allegations of poor performance and misconduct without submitting these allegations to a Major Pofi or another designee for "neutral evaluation and disposition."

29. Defendant permitted other employees, including McCall, to harass and mistreat Ms. Taylor with impunity. For example:

    a. Ms. Taylor reported in March of 2013 (less than three months after her settlement agreement and reinstatement) that she had received multiple prank calls from McCall.

    b. Robyn McCall routinely changed Ms. Taylor's work schedule without notice, causing her to report to work late or to be absent from work.

    c. In or about October of 2013 a plastic baggie containing bloody women's underwear was left in the Sargent's break room with a note stating, "for Sgt. Taylor."

    d. In April of 2014, someone left a handwritten note to "Miss Taylor" which stated, *inter alia*:

> "You is ugly and fat. You is dirty and sloppy. You is stupid and nobody respects you. Everyone is laughing at you when you come up here and try to be acting like you are someone's boss. . .You had to sue to get those stripes because everyone knows you are just stupid and have no idea what to do. . . Go home and take a shower . . . "

30. Each of these incidents was reported to ACJ administration. None of these incidents were investigated and no disciplinary action was taken against anyone for these actions.

31. Defendant subjected Ms. Taylor to retaliatory investigations. For example, when Ms. Taylor reported to Internal Affairs that she believed McCall was fraternizing with an inmate (which constitutes criminal activity), Warden Orlando Harper had Internal Affairs investigate Ms. Taylor for "spreading gossip."

32. Defendant subjected Ms. Taylor to discriminatory discipline. On multiple occasions Ms. Taylor was disciplined for actions which were routinely ignored when committed by other ACJ employees.

33. Defendant denied Ms. Taylor training opportunities which were provided to less senior white sergeants.

34. Despite her repeated internal complaints of harassment and retaliation, in April of 2014, Employee Relations Manager Nichole Nagel informed Ms. Taylor that Defendant was unable to find any evidence to corroborate her complaints.

35. By mid-2015, Ms. Taylor could no longer withstand the discriminatory treatment by her superiors and harassment from her coworkers and subordinates. She believed that Defendant intended to terminate her and that she would lose her pension as a result.

36. On July 18, 2015, Ms. Taylor retired from her position at the Allegheny County Jail.

37. But for Defendant's discriminatory and retaliatory treatment, she would not have retired and would have continued working indefinitely.

V)   EXHAUSTION OF ADMINISTRATIVE REMEDIES

38. Prior to filing this lawsuit, Ms. Taylor exhausted all necessary administrative procedures by filing appropriate charges with the Equal Employment Opportunity Commission (EEOC) and/or Pennsylvania Human Relations Commission (PHRC). A copy of the charge of discrimination filed on behalf of Ms. Taylor is attached hereto as Exhibit 1 and made a part hereof.

39. Ms. Taylor has received a "Dismissal and Notice of Rights" letter from the United States Department of Justice, which is attached as Exhibit 2 and made a part hereof.

VI)   CLAIMS

40. As a result of the conduct of Defendant Allegheny County, as hereinbefore described, Ms. Taylor has been denied her right to be free from race discrimination and retaliation

for opposing race discrimination, as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

41. As a result of the conduct of Allegheny County as hereinbefore described, Ms. Taylor has been denied her right to be free from race discrimination and retaliation for opposing race discrimination as protected by the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq.

42. As a result of Defendants' conduct, as hereinbefore described, Ms. Taylor has suffered lost wages, benefits, and other remuneration.

43. As a result of Defendants' conduct, as hereinbefore described, Ms. Taylor has suffered embarrassment, humiliation, and emotional distress.

44. Defendants' conduct, as hereinbefore described, was willful, outrageous, and/or performed in reckless disregard of Ms. Taylor's federally protected rights.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in her favor for back pay, front pay, compensatory damages and such other relief as is appropriate and equitable under the circumstances and to award her costs and attorney's fees incident to the successful completion of this litigation.

Respectfully submitted,

/s/ Margaret S. Coleman
PA ID# 200975

O'BRIEN COLEMAN & WRIGHT, LLC
116 Boulevard of the Allies
Pittsburgh, PA 15222
(412) 232-4400

Attorney for Plaintiff

Exhibit A